Thomson, P. J.
The Morrell Hardware Company brought this suit against George H. Patterson, J. H. Mason and M. A. Shipman, alleging that the plaintiff sold and delivered to the defendants goods, wares and merchandise of the value of $410.30, for which they promised to pay that sum to the plaintiff. A writ of attachment was issued in the cause, and levied upon the individual property of the defendant, Patterson. Summons was issued, but never served on any of the defendants. Patterson, however, voluntarily appeared and answered, denying that he ever purchased goods, wares or merchandise from the plaintiff. The plaintiff dismissed the cause as to defendants Mason and Ship-man, and trial was had between the plaintiff and Patterson. After hearing the evidence, the court rendered judgment against Patterson for the amount of the plaintiff’s claim.
Nearly three years after the rendition of the judgment the cause was brought to this court by. writ of error sued out in the names of all of the defendants. The errors assigned'consist in permit *416 ting the action to continue against Patterson after its dismissal as to the others, and the rendition of an individual judgment against Patterson upon a joint indebtedness of all of the defendants.
The' defendants Mason and Shipman were improperly made plaintiffs in error. They were never served with process, and they never appeared to the action. They were dismissed from the case at the plaintiff’s costs; and there was nothing in the proceedings upon which error could be predicated by them. The only plaintiff in error is Patterson.
There is no bill of exceptions here. So far as is shown, after Patterson’s appearance, the proceedings were conducted throughout without objection from him. We must presume it to have been established by the evidence that the purchase was made, and the indebtedness incurred by him as an individual. It is true that the complaint charged a joint indebtedness; but if he chose voluntarily to submit to a trial of the question of his individual liability, he is in no position to complain of the result. The court had jurisdiction to try the cause and render the judgment; and he cannot be heard to allege error as to proceedings in which he acquiesced.
Let the judgment be affirmed.

Affirmed.